The Court,

Harrington, Ch. J.,

charged the jury : The question presented in this case has been frequently before this Court, and we have therefore but little more to say upon it than we have often had occasion heretofore to say in regard to it. The formal execution of the will being established in accordance with the provisions of the statute on the subject, the presumption of law is in favor of the capacity of the testator to make the will. But to speak more specifically as to the degree of capacity required for this pui'pose, when it has been assailed by rebutting testimony, the Court remarked in the case of Chandler and others v. Ferris, 1 Harr. 464, “that if the testator was ca *273 pable of exercising thought, judgment, and reflection; if he knew what he was about, and had memory and judgment, his will could not be invalidated on the ground of insanity.” In the case of Duffield v. Morris’s Exr., 2 Harr. 379, the Court said, “ A perfect capacity is usually tested by this, that the individual talks and discourses ratioilally and sensibly, and is fully capable of any rational act requiring thought, judgment, and reflection. This is the standard of a perfect capacity. But the question is not how well a man can talk or reason, or how much judgment he can display, or with how much propriety and sense he can act: it is only, has he mind and reason, can he talk rationally and sensibly, or has he thought, judgment, and reflection ? Weakness of mind may exist in many different degrees without making a man intestable. Courts will not measure the extent of people’s understandings or capacities. If a man be legally compos mentis, be he wise or unwise, he is the disposer of his own property, and his will stands as the reason for his actions.” And in a still later case, Sutton v. Sutton et al., 5 Harr. 461, on this point the Court observed, “ The objections in this case aré, that the testator from age and weakness was at the time a man of doubtful and fluctuating capacity, operated upon by improper influences to make changes in his will, contrary to his real wishes and at variance with his known affections. Testable capacity in such a person as John Sutton, the testator, will amount to nothing more than a knowledge of what he was about, and how he was disposing of his property, and the purpose so to do it. And as to undue influence over a man of testable capacity, it must be such as to take away his free will; such as he is too weak to resist. Mere solicitation will not be sufficient to vitiate a will made by a person having a knowledge of what he is doing and intending to do it, though his act maybe brought about by solicitation, or that kind of influence which a "disposition to gratify another may produce.” The simple question in this case therefore is, did the testator know and understand what he was about when he made and.executed this instrument pur *274 porting to be his will; that he had a family, and the relatians in which he stood to it, and that he had property, and what it was, and had a will, or desire to bequeath and devise it as it is disposed of in this instrument? If soj then so far as this question is concerned, it ought to be found to be his will; but if otherwise, it should not.
McFee and W. Saulsbury, for the caveators.
Moore and C. S. Layton, for the devisees.
Verdict in favor of the will.